OPINION JUDGMENT ENTRY
{¶ 1} On December 23, 1996, appellant, Debra Sue Nixon, and appellee, Jay Eddie Nixon, were granted a divorce. Pursuant to the divorce decree, appellee was ordered to pay $74.73 per week for each of the parties' three children. By judgment order filed June 30, 2000, appellee's obligation was raised to $88.76 per week per child.
 {¶ 2} Pursuant to an administrative review of the child support order by the Ashland County Child Support Enforcement Agency in September of 2003, appellee's obligation was lowered to approximately $48.86 per week per child.
 {¶ 3} Appellant objected and requested a hearing in the Court of Common Pleas, Domestic Relations Division. A hearing before a magistrate was held on November 7, 2003. By decision filed same date and amended decision filed December 9, 2003, the magistrate recommended setting the child support obligation at approximately $61.15 per week per child. In fashioning this amount, the magistrate gave appellee a $3,050.00 credit on the child support worksheet for contributions to another child from another marriage.
 {¶ 4} Appellant filed objections. By judgment entry filed February 27, 2004, the trial court found appellee provided "in-kind" child support to this other child in the amount of $4,568.64. The trial court credited appellee this amount, replacing the $3,050.00 credit, and lowered appellee's obligation to $59.75 per week per child.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "The trial court erred by giving the plaintiff credit on the child support worksheet for `in-kind' child support."
 I {¶ 7} Appellant claims the trial court erred in crediting appellee for "in-kind" contributions. We disagree.
 {¶ 8} Decisions on child support obligations fall within the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion. Booth v. Booth
(1989), 44 Ohio St.3d 142. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217. R.C. 3119.02 governs the calculation of child support obligations. Said statute states the amount of child support shall be calculated "in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of sections 3119.02 to 3119.24 of the Revised Code." The basic child support schedule is found in R.C. 3119.021, which provides the amount of child support to be paid, based upon the combined gross income of the parents. Trial courts may deviate from the calculation obtained from the schedule and worksheet "if, after considering the factors and criteria set forth in section 3119.23
of the Revised Code, the court determines that the amount calculated * * * would be unjust or inappropriate and would not be in the best interest of the child." R.C. 3119.22.
 {¶ 9} In its February 27, 2004 judgment entry crediting appellee with $4,568.64, the trial court stated the following:
 {¶ 10} "The Court has reviewed and is taking judicial notice of the proceedings before this Court in Case 00-DIS-1113. That indicates that Mr. Nixon is providing in-kind child support equal to $4,568.64 per year. Granting to Mr. Nixon a deduction for this child support (on line 9 of the Child Support Guidelines Worksheet, replacing the deduction on line 8), is proper.
 {¶ 11} "This results in a greater reduction in the amount owed by Mr. Nixon, and the Court finds that to be appropriate here."
 {¶ 12} The judgment entry filed in Case No. 00-DIS-1113 case referenced in the entry above provided for shared parenting of appellee's other child and stated the following:
 {¶ 13} "The Court finds that the statutory worksheet child support amount of $4,568.64 is unjust and inappropriate in the present case due to the fact both parties will have the child an equal amount of time and will both be contributing significantly for the purchases of necessities for the child. Such situation is an appropriate basis for deviation under R.C. 3113.215(B)(3)(d) and (j). The Court further finds that the parties have, by agreement, assigned a value to such deviation factor equal to $4,568.64 which value the Court accepts. The Court therefore ORDERS that Obligor shall pay $0.00, including administrative processing fee, as and for the support of the parties' minor child, per week as a result of said deviation, and the Court finds the same to be in the best interest of the parties' minor child."
 {¶ 14} In his amended decision filed December 9, 2003, the magistrate found appellee provided for an additional dependent (Finding of Fact No. 11), and attributed $3,050.00 in the child support worksheet as an "[a]djustment for minor children born to or adopted by either parent and another parent who are living with this parent" from Line 8. The trial court changed the amount to $4,568.64 and characterized the sum as "[a]nnual court-ordered support paid for other children" on Line 9 of the worksheet. This change resulted in an approximate $1,500.00 benefit to appellee. The trial court imposed a deviation in child support apart from the amount anticipated by the guidelines. Giving credit for support of another dependent above the amount set by the guidelines appears to be an unorthodox approach however, the trial court based its deviation on the number set forth in Case No. 00-DIS-1113 which appellee is forced to honor.
 {¶ 15} Upon review, we find the additional credit of approximately $1,500.00 is not an abuse of discretion.
 {¶ 16} The sole assignment of error is denied.
 {¶ 17} The judgment of the Court of Common Pleas of Ashland County, Ohio, Domestic Relations Division is hereby affirmed.
Farmer, J., Gwin, P.J. and Boggins, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio, Domestic Relations Division is affirmed.